[Cite as *In re A.S.*, 2013-Ohio-4018.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF: | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| A.S., V.S., and Z.S. | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. John W. Wise, J. |
| | : | |
| | : | Case No. 13 CAF 05 0040 |
| | : | |
| | : | O P I N I O N |

CHARACTER OF PROCEEDING:       Appeal from the Court of Common Pleas, Juvenile Divison, Case Nos. 11-01-0070AB, 11-01-0071AB, and 11-01-0072AB

JUDGMENT:       Affirmed

DATE OF JUDGMENT:       September 11, 2013

APPEARANCES:

For Kitty Slaven

PAMELLA A. LAMMON
103 North Union Street, Suite D
Delaware, OH 43015

For Oral Slaven

O. ROSS LONG
125 North Sandusky Street
Delaware, OH 43015

For DCDJFS

KATHERYN L. MUNGER
140 North Sandusky St., 3rd Floor
Delaware, OH 43015

Guardian ad Litem

CELESTE M. BRAMMER
13290 Centerburg Road
Sunbury, OH 43074

*Farmer, J.*

{¶1}   On January 19, 2011, appellee, the Delaware County Department of Job & Family Services, filed a complaint for temporary custody of A.S. born May 24, 2006, V.S. born May 24, 2006, and Z.S. born April 14, 2009, alleging the children to be neglected and dependent.  Mother of the children is appellant, Kitty Slaven; father is Oral Slaven.  Following a shelter care hearing, the trial court placed the children in appellee's temporary custody on January 24, 2011.  By judgment entry filed April 15, 2011, the trial court adjudicated the children dependent and granted temporary custody to relatives.  The children were eventually returned to appellee's temporary custody in July 2011 (A.S. and V.S.) and December 2012 (Z.S.).

{¶2}   On July 26, 2012 (A.S. and V.S.) and January 16, 2013 (Z.S.), appellee filed motions for permanent custody of the children based upon the parents' failure to comply with the case plan.  A hearing commenced on March 26, 2013.  By judgment entry filed April 12, 2013, the trial court granted permanent custody of the children to appellee.

{¶3}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶4}   "THE TRIAL COURT ABUSED ITS' (SIC) DISCRETION AND VIOLATED APPELLANT'S DUE PROCESS RIGHTS WHEN IT DENIED HER REQUEST FOR A CONTINUANCE OF THE TRIAL ON THE DELAWARE COUNTY DEPARTMENT OF JOB AND FAMILY SERVICES (HEREINAFTER DCDJFS) MOTION OF PERMANENT CUSTODY."

II

{¶5}    "THE TRIAL COURT ABUSED ITS' (SIC) DISCRETION WHEN IT DID NOT ADDRESS WHETHER THE DCDJFS HAD MADE REASONABLE EFFORTS TO RETURN THE CHILDREN SAFELY HOME WITH EITHER PARENT."

III

{¶6}    "THE TRIAL COURT ABUSED ITS' (SIC) DISCRETION WHEN IT DETERMINED THAT THE CHILDREN COULD NOT BE PLACED WITH THEIR MOTHER WITHIN A REASONABLE PERIOD OF TIME AFTER THE TRIAL ON THE DCDJFS'S MOTION FOR PERMANENT CUSTODY."

IV

{¶7}    "THE TRIAL COURT ABUSED ITS' (SIC) DISCRETION WHEN THE WHEN (SIC) IT DETERMINED THAT THE CHILD, [Z.] S., DID NOT NEED TO BE IN THE CUSTODY OF THE DCDJFS FOR 12 OUT OF 22 CONSECUTIVE MONTHS PRIOR TO THE DCDJFS FILING A MOTION FOR PERMANENT CUSTODY RELATED TO [Z.] S."

I

{¶8}    Appellant claims the trial court erred in denying her motion for a continuance of the permanent custody hearing.  We disagree.

{¶9}    The grant or denial of a continuance rests in the trial court's sound discretion.  *State v. Unger,* 67 Ohio St.2d 65 (1981).  In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.  *Blakemore v. Blakemore,* 5 Ohio St.3d 217 (1983).

{¶10} We note appellant's request was not done via a formal written motion, but was a "me too" argument advanced at the commencement of the hearing in relation to father's filed motion for a continuance. T. at 7. Father had requested a continuance based upon the uncertainty of appellant's criminal status. Without stating reasons, the trial court denied the motion. T. at 10.

{¶11} In July 2010, appellant was sentenced to intervention in lieu of conviction after pleading guilty to nine counts of deception to obtain a dangerous drug. T. at 45. Appellant was non-compliant. T. at 48. As a result, appellant was going to be arrested so she voluntarily relinquished custody of her children to appellee in December of 2010. T. at 105-106. Michelle Leighty, an intake investigator involved with the family, tried to convince appellant to go into a community-based correctional facility (hereinafter "CBCF") for the sake of the children, but appellant rejected the suggestion and opted for a prison sentence in Marysville instead, away from her children. T. at 113, 116. Consequently, in January 2011, appellant received a split sentence whereby she received some prison time and some community control time. T. at 51-52. Appellant was granted judicial release in June of 2012. T. at 52. However, she violated the terms of her judicial release and was ordered to successfully complete a CBCF program. T. at 53. Because appellant was unsuccessfully terminated from the CBCF program, a violation was filed and she was awaiting disposition set for April 24, 2013. T. at 54. We note father was incarcerated, serving a fifty-eight year prison term.

{¶12} Appellee received temporary custody of the children in January 2011. Following relative placement, A.S. and V.S. were returned to appellee's temporary custody in July 2011 and Z.S. was returned in December 2012. The motions for

permanent custody were filed on July 26, 2012 (A.S. and V.S.) and January 16, 2013 (Z.S.). A joint motion for a continuance based on judicial economy was granted on January 23, 2013. The permanent custody hearing was set for March 7, 2013. On January 29, 2013, appellee filed a motion for a continuance due to the unavailability of counsel. The trial court granted the motion and reset the hearing for March 27, 2013. Appellant was to have had a criminal hearing on March 18, 2013 to address the aforementioned violation, but it was rescheduled to April 24, 2013. The permanent custody hearing commenced on March 26, 2013. The continuance requested by appellant and father based upon the outcome of appellant's criminal hearing would have had to have been for thirty days at least. Appellant was hoping for no further prison time so she could work on the case plan.

{¶13} In order to accommodate the parties, the trial court continued the case on the two occasions, causing the permanent custody motions to be pending at the time of trial for two hundred and forty-three/sixty-nine days, respectively. As a result of the rescheduling of appellant's criminal hearing, the trial court at the time of the permanent custody hearing did not know what appellant's disposition would be.

{¶14} However, under R.C. 2151.414(B)(1)(d), appellant's criminal disposition would have no effect given the lapse of some twelve months between appellee's temporary custody of A.S. and V.S. to the filing of their permanent custody motion:

> (B)(1) Except as provided in division (B)(2) of this section, the court may grant permanent custody of a child to a movant if the court determines at the hearing held pursuant to division (A) of this section, by

clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:

(d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period, or the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period and, as described in division (D)(1) of section 2151.413 of the Revised Code, the child was previously in the temporary custody of an equivalent agency in another state.

{¶15} As for Z.S., appellant's own actions and decisions contributed to her progress on the case plan. The case plan was filed on February 14, 2011. At the time, appellant was in prison, opting-out of CBCF. Appellant was granted judicial release in June 2012, but violated the terms and was ordered to CBCF. Appellant was unsuccessfully discharged from CBCF and was awaiting sentencing. At the time of the hearing, the case had been open for twenty-six months.

{¶16} Upon review, we find the trial court did not abuse its discretion in denying appellant's request for a continuance.

{¶17} Assignment of Error I is denied.

II, III

{¶18} Appellant claims the trial court erred in granting permanent custody to appellee without addressing reasonable efforts. We disagree.

{¶19} A trial court may grant an agency permanent custody of a child upon clear and convincing evidence of certain factors set forth in R.C. 2151.414. Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford,* 161 Ohio St. 469 (1954), paragraph three of the syllabus. See also, *In re Adoption of Holcomb,* 18 Ohio St.3d 361 (1985). "Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *Cross,* at 477.

{¶20} R.C. 2151.414(B)(1)(d) cited above specifically applies to A.S. and V.S. as they had been in appellee's custody for some twelve months at the time of the filing of their motion for permanent custody. Therefore, it is not necessary to find that these children cannot reasonably be placed with appellant another year forward.

{¶21} As for Z.S., the trial court found the child "cannot be placed with either parent within a reasonable time" under R.C. 2151.414(B)(1)(a) which states:

> (B)(1) Except as provided in division (B)(2) of this section, the court
> may grant permanent custody of a child to a movant if the court
> determines at the hearing held pursuant to division (A) of this section, by
> clear and convincing evidence, that it is in the best interest of the child to

grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:

(a) The child is not abandoned or orphaned, has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period, or has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period if, as described in division (D)(1) of section 2151.413 of the Revised Code, the child was previously in the temporary custody of an equivalent agency in another state, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.

{¶22} The record establishes appellee's efforts at reunifying appellant and all three children. Ms. Leightly first became involved with the family in October 2010. T. at 100. Ms. Leightly helped appellant with diapers, food, housing issues, and schooling for the children. T. at 102-104. At the time, appellant was on probation. T. at 101. The case was closed in the middle of November 2010. T. at 105, 115. Ms. Leighty became involved with the family again in December of 2010 after appellant called because she was going to be arrested for violating her probation. T. at 105-106. Ms. Leighty helped to find relative placement for the children, but was unsuccessful. T. at 106. As a result, appellant signed a voluntary agreement to surrender the children to appellee with the

knowledge that she could have the children returned within thirty days. *Id.* Ms. Leighty tried to convince appellant to go into a CBCF program for the sake of the children, but appellant rejected the suggestion and opted for a prison sentence instead. T. at 113, 116. She was granted judicial release in June of 2012 and was ordered to successfully complete CBCF. T. at 52-53. While at CBCF, appellant received counseling and an assessment, but did not complete the program because she was unsuccessfully discharged. T. at 53, 144. Because of the discharge, appellant's intensive supervision officer, Kara Clark, filed a violation. T. at 54. At the time of the permanent custody hearing, appellant was awaiting sentencing and had over 2000 days left on her original sentence. T. at 68. Ms. Clark was going to recommend returning appellant to prison to fully complete the remainder of her prison term as she was not amenable to community control. T. at 57.

{¶23} Ashley Keller, the family's ongoing caseworker, testified to the following supportive services offered to the family (T. at 156):

> Many referrals for the boys. They're involved with the Delaware County Board of Disabilities. COMH made referrals. IEP, keeping up with meetings. We would attend those meetings if our schedules allowed. Attended meetings at COMH, made our visits to the foster home, signed off on any type of paperwork that services were needed for the boys, especially recently with [V.] needing his weighted vest, blanket, his compression shirts, things like that, made visits to both Kitty and Dennis,

spoke with them about the case, any type of advice or recommendations for the foster parents, as well.

{¶24}  Caseworkers conducted supervised visitations with the children with each parent while they were in prison.  T. at 148-150, 164.

{¶25}  As explained by our brethren from the Twelfth District in *In re K.M.,* 12th Dist. Butler No. CA2004-02-052, 2004-Ohio-4152, ¶ 23:

> In determining whether the agency made reasonable efforts to prevent the removal of the child from the home, the issue is not whether the agency could have done more, but whether it did enough to satisfy the reasonableness standard under the statute.  *In re Hughley* (Oct. 26, 2000), Cuyahoga App. No. 77052, citing *In re Tirado* (Jan. 22, 1998), Mahoning App. No. 97 CA 26; *In re Brewer* (Feb. 12, 1996), Belmont App. No. 94–B–28.  "Reasonable efforts" does not mean all available efforts. Otherwise, there would always be an argument that one more additional service, no matter how remote, may have made reunification possible.  *In re Fast* (Mar. 25, 1992), Summit App. No. 15282.

{¶26}  Upon review, we find the trial court did not err in granting permanent custody of the children to appellee on the issue of reasonable efforts.

{¶27}  Assignments of Error II and III are denied.

IV

{¶28} Appellant claims it was error to include Z.S. in the permanent custody hearing when he had not been in appellee's custody for twelve of the last twenty-two months. We disagree.

{¶29} As we concluded in Assignments of Error II and III, there was ample evidence in the record to support the award of permanent custody of all three children to appellee apart from R.C. 2151.414(B)(1)(d) alone. As Z.S. had not been in appellee's temporary custody for twelve of the last twenty-two months prior to the filing of the motion for permanent custody, we find R.C. 2151.414(B)(1)(a), cited above, applies.

{¶30} Z.S. was removed from appellant's custody at her request and placed in appellee's temporary custody from December 2010 to March 2011, and then placed in relative placement. T. at 80, 105-106. All relative placements failed with Z.S. and the child was once again placed in appellee's temporary custody in December 2012. T. at 80. Because of her criminal troubles, appellant was not available to complete a case plan from January 2011, and she was facing at the time of the hearing the possibility of 2000 more days in prison. T. at 47-48, 51-55, 57, 68.

{¶31} Upon review, we find the trial court did not err in including Z.S. in the permanent custody hearing.

{¶32} Assignment of Error IV is denied.

{¶33} The judgment of the Court of Common Pleas of Delaware County, Ohio, Juvenile Division, is hereby affirmed.

By Farmer, J.

Hoffman, P.J. and

Wise, J. concur.

_____
Hon. Sheila G. Farmer

_____
Hon. William B. Hoffman

_____
Hon. John W. Wise

SGF/sg 8/19

[Cite as *In re A.S.*, 2013-Ohio-4018.]

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO

FIFTH APPELLATE DISTRICT

IN THE MATTER OF:               :

                                      :

A.S., V.S., and Z.S.          :          JUDGMENT ENTRY

                                        :

                                        :

                                        :

                                        :          CASE NO. 13 CAF 05 0040

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Delaware County, Ohio, Juvenile Division is affirmed.  Costs to appellant.

_____
Hon. Sheila G. Farmer

_____
Hon. William B. Hoffman

_____
Hon. John W. Wise