[Cite as *In re S.H.*, 2013-Ohio-4441.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| IN THE MATTER OF: | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| S.H. (MINOR CHILD) | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin |
| | : | |
| | : | Case No. 13CA17 |
| | : | |
| | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Court of Common
Pleas, Juvenile Division, Case No.
2112001


JUDGMENT:      Affirmed


DATE OF JUDGMENT:      October 7, 2013


APPEARANCES:

For Appellant                                          For Appellee

JOHN A. DANKOVICH                        MICHAEL D. SCHLEMMER
One Public Square                               117 East High Street
Mount Vernon, OH  43050                   3rd Floor
                                                              Mount Vernon, OH  43050

*Farmer, P.J.*

{¶1}   On January 3, 2011, appellee, the Knox County Department of Job & Family Services, filed a complaint for temporary custody of S.H. born May 13, 2010, alleging the child to be neglected and dependent.  Mother of the child is appellant, Rebecca Johnson; father is Jeremy Hayes.  An adjudicatory hearing was held on March 22, 2011 wherein the parents admitted to dependency.  The trial court found the child to be dependent and granted temporary custody to appellee.  The determination was journalized via judgment entry filed April 11, 2011.

{¶2}   On December 6, 2012, appellee filed a motion for permanent custody of the child based upon the parents' failure to comply with the case plan.  A hearing commenced on April 4, 2013.  By journal entry filed June 7, 2013, the trial court granted permanent custody of the child to appellee.

{¶3}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶4}   "THE TRIAL COURT ERRED IN FINDING REASONABLE EFFORTS WERE MADE TOWARD REUNIFICATION."

II

{¶5}   "THE JUDGMENT OF THE TRIAL COURT THAT THE BEST INTERESTS OF THE CHILD S.H. WOULD BE SERVED BY GRANTING PERMANENT CUSTODY WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."

I, II

{¶6}    Appellant claims the trial court erred in finding reasonable efforts toward reunification were made, and permanent custody was in the best interest of the child. We disagree.

{¶7}    A trial court may grant an agency permanent custody of a child upon clear and convincing evidence of certain factors set forth in R.C. 2151.414.   Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."  *Cross v. Ledford,* 161 Ohio St. 469 (1954), paragraph three of the syllabus.  See also, *In re Adoption of Holcomb,* 18 Ohio St.3d 361 (1985).  "Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof."  *Cross,* at 477.

{¶8}    R.C. 2151.414(E) sets out the factors relevant to determining permanent custody.  Said section states the following in pertinent part:

(E) In determining at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents, the court shall consider all relevant evidence.  If the court determines, by clear and convincing evidence, at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the

Revised Code that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent:

(1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home.  In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties.

(4) The parent has demonstrated a lack of commitment toward the child by failing to regularly support, visit, or communicate with the child when able to do so, or by other actions showing an unwillingness to provide an adequate permanent home for the child;

(16) Any other factor the court considers relevant.

{¶9}   R.C. 2151.414(B)(1)(d) states the following:

(B)(1) Except as provided in division (B)(2) of this section, the court may grant permanent custody of a child to a movant if the court determines at the hearing held pursuant to division (A) of this section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:

(d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period, or the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period and, as described in division (D)(1) of section 2151.413 of the Revised Code, the child was previously in the temporary custody of an equivalent agency in another state.

{¶10} R.C. 2151.414(D) sets out the factors relevant to determining the best interests of the child. Said section states relevant factors include, but are not limited to, the following:

(a) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;

(b) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;

(c) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period, or the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period and, as described in division (D)(1) of section 2151.413 of the Revised Code, the child was previously in the temporary custody of an equivalent agency in another state;

(d) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;

(e) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child.

{¶11} In its journal entry filed June 7, 2013, the trial court specifically found, "by clear and convincing evidence that in spite of reasonable case planning and diligent efforts by CSU/KCDJFS, this child cannot be safely returned to either of her parents at this time or in the foreseeable future." The trial court further found the child had been in appellee's temporary custody "for the past two years. This far exceeds the statutory

standard for granting motions for permanent custody, which is 12 months out of a consecutive 22 month period." This court has adopted the position that proof of temporary custody with an agency for twelve or more months of a consecutive twenty-two-month period alone is sufficient to award permanent custody. *In the Matter of A.S., V.S., and Z.S.,* 5th Dist. Delaware No. 13 CAF 050040, 2013-Ohio-4018.

{¶12} The pertinent period of time in consideration is May 13, 2010 (birth of the child) to December 6, 2012 (filing of the motion for permanent custody). The trial court found the child was placed in appellee's temporary custody on March 22, 2011. The permanent custody motion was filed almost twenty-one months later on December 6, 2012. Therefore, R.C. 2151.414(B)(1)(d) has been met.

{¶13} Appellee formulated a case plan for the parents and amended it several times. Each case plan's linchpin was the need for appellant to obtain stable, suitable housing and a job, as well as mental health and drug and alcohol assessments. T. at 12-16. From the time of the child's birth, appellant has been virtually homeless, "[u]pwards of 15 to 18" times throughout the case. T. at 124. She survived by staying with friends and relatives, agency housing until she was evicted for non-payment of rent, and a hotel until the hotel closed. T. at 38, 53, 62, 63-67, 72, 84-85, 98-99, 102-105, 112, 117-118, 119-120, 185-186, 193-196. Most of appellant's housing problems were the result of a lack of finances and employment, and the child's father living with her on and off and not contributing. T. at 40-41, 46, 49-50, 55-56, 61, 68, 70, 74-75, 108-109, 193.

{¶14} Despite the litany of living places, appellant thought she was not homeless because she always found some place to go. T. at 196-197. At the time of the

hearing, appellant was working with Moundbuilder's Guidance Center (kna Behavioral Healthcare Partners), trying to obtain a place to live, but it could take a couple weeks. T. at 186. In the meantime, she was staying with the child's father and a known sexually oriented sex offender. T. at 75, 100, 119, 133-134, 191-193. Appellant only formulated a plan for housing stability some twenty-four months after the child was placed in appellee's temporary custody.

{¶15} Appellant completed an alcohol and drug assessment one month before the hearing. T. at 15, 91. At the same time, she started taking medications for depression and anxiety disorder. T. at 122-123. She did not follow through with domestic violence classes. T. at 15, 117. Appellant attended 176 of the 208 scheduled visitations; many times she did not interact with the child, slept, texted, argued with the child's father or joked about alcohol binges. T. at 68-69, 73-74, 76-77, 103, 110, 147, 149, 154. Once the parents appeared at a visitation with all of their belongings in garbage bags as they were homeless. T. at 99.

{¶16} Appellee's involvement with appellant began prior to S.H. being born. T. at 9. Appellee became involved due to complaints of neglect involving S.H.'s older half-sibling. *Id.* At the time of the hearing, the older half-sibling was sixteen years old and under a planned permanent living arrangement with appellee. T. at 13, 23. After S.H. was born, appellee provided hotel placement, paid the deposit and rent for an apartment, helped obtain needed birth certificates, provided a Pack-N-Play, gave appellant formula, helped get appellant's medical card reinstated, set up 208 visitations, provided transportation, and helped with Christmas gifts and furniture. T. at 19, 28-29, 39, 58, 62, 65, 79, 143, 149. In fact, appellee gave appellant a second

chance when it dismissed an earlier permanent custody motion that had been filed on May 14. 2012.

{¶17}  It is abundantly clear that appellant has been victimized by the fathers of her two children, and has severe depression and an anxiety disorder that adds to her dependent personality.  T. at 216, 218, 223-224.  Because of her emotional distress and rigid parenting style, she has difficulty parenting.  T. at 220-221.  The psychologist that evaluated appellant opined her ability to complete the case plan was "guarded."  T. at 232.  Appellant has been alone and struggling most of her life.  T. at 174.  Although all of these factors make appellant a sympathetic person, it is the best interests of the child that is the central issue.

{¶18}  The child has been in foster care with the same foster parents for slightly over two years.  T. at 138.  It is a prospective adoptive home, and the child is doing very well and has bonded with the foster parents, as well as appellant.  T. at 138-139.

{¶19}  We find the record as a whole supports the trial court's conclusions that appellee made reasonable efforts and permanent custody to appellee is in the best interests of the child.

{¶20}  Assignments of Error I and II are denied.

{¶21} The judgment of the Court of Common Pleas of Knox County, Ohio, Juvenile Division is hereby affirmed.

By Farmer, P.J.

Delaney, J. and

Baldwin, J. concur.


_____
Hon. Sheila G. Farmer


_____
Hon. Patricia A. Delaney


_____
Hon. Craig R. Baldwin


SGF/sg 919

[Cite as *In re S.H.*, 2013-Ohio-4441.]

IN THE COURT OF APPEALS FOR KNOX COUNTY, OHIO

FIFTH APPELLATE DISTRICT


IN THE MATTER OF:                :

                              :

S.H. (MINOR CHILD)             :          JUDGMENT ENTRY

                              :

                              :

                              :          CASE NO.  13CA17


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Knox County, Ohio, Juvenile Division is affirmed.  Costs to appellant.


_____
Hon. Sheila G. Farmer


_____
Hon. Patricia A. Delaney


_____
Hon. Craig R. Baldwin