[Cite as *In re S.K.*, 2022-Ohio-1769.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | | |
|---|---|---|---|
| IN THE MATTER OF: S.K., S.K. AND S.K. | : | JUDGES: | |
| | : | Hon. Earle E. Wise, Jr., P.J. | |
| | : | Hon. William B. Hoffman, J. | |
| | : | Hon. John W. Wise, J. | |
| | : | | |
| | : | | |
| | : | | |
| | : | Case Nos. 21 CA 000027 | |
| | : | 21 CA 000028 | |
| | : | 21 CA 000029 | |
| | : | | |
| | : | O P I N I O N | |

CHARACTER OF PROCEEDING:       Appeal from the Court of Common
                              Pleas, Case Nos. 219 2218, 2119
                              &2120

JUDGMENT:                     Affirmed

DATE OF JUDGMENT:             May 25, 2022

APPEARANCES:

For Plaintiff-Appellant                For Defendant-Appellee

TONIA R. WELKER                        ASHLEY L. JOHNS
126 E. Vine Street                     117 East High Street
Mount Vernon, OH  43050                Mount Vernon, OH 43050

*Wise, Earle, P.J.*

{¶ 1}   Appellant, S.K, (Father), father of the three children involved in this matter filed this appeal from the November 22, 2021 judgment entered in the Knox County Court of Common Pleas, Juvenile Court Division, which terminated all parental rights, privileges and responsibilities of Father and ordered permanent custody of the minor children be granted to Knox County Department of Job and Family Services (Agency).

{¶ 2}   This appeal is expedited, and is being considered pursuant to App.R.11.2(C). The relevant facts leading to this appeal are as follow:

{¶ 3}   The three children involved in this matter all have the same initials. For purposes of clarity we refer to the oldest child as SK1, the middle child as SK2, and the youngest child as SK3. At the time of the proceedings below, SK1 was 6 years old, SK2 was 4 years old, and SK3 was 2 years old.

{¶ 4}   On September 18, 2019, the Agency filed an Ex Parte Motion seeking temporary custody of all three children. Concerns included domestic violence and drug abuse in the home, and medical neglect of the children.

{¶ 5}   On November 14, 2019, adjudicatory and dispositional hearings were held wherein the children were found to be dependent based on the agreement of the parties and continued the children in the temporary custody of the Agency. Several review hearings were held wherein the children were continued in the temporary custody of the Agency.

{¶ 6}   On May 14, 2021, after both Mother and Father failed to meet the requirements of their case plans over a 25-month period, the Agency filed a Motion for

Permanent Custody. On November 5, 2021 a hearing was held on the Agency's motion. The following facts were adduced during the hearing.

{¶ 7}   Six-year-old SK1 is autistic and has significant developmental delays. He is non-verbal, unable to feed himself, is in diapers, and cannot dress himself. In his foster home he is engaged in several therapies and is in a special needs kindergarten class. When he was removed from Mother and Father's home there were also significant medical concerns. SK1's teeth were so thoroughly decayed that they all had to be extracted. The decay was so extensive that it caused permanent damage to SK1's jaw bones. He also had an infection that caused swelling of his lymph nodes and raw, bloody elbows caused from lying on his stomach and rocking back and forth.

{¶ 8}   Four-year-old SK2 has developmental delays in verbalization and also required dental surgery to remove 4 decayed teeth. SK2 engages in head banging, suffers sleeplessness or night terrors, and has toileting issues as is terrified of the bathroom.

{¶ 9}   Two-year-old SK3 is a normal, happy, and active child who displays no delays or issues. SK2 and SK3 are placed with the same foster family. They are bonded with one another as well as their foster family.

{¶ 10} For the majority of the life of the case, Father has been incarcerated. At the time of the permanent custody hearing, Father's earliest possible release date was December 28, 2023. At the beginning of the case, when Father was not incarcerated, the Agency added Father on the case plan and scheduled visits between Father and the children. But Father failed to appear for most of the visits and failed to complete any services required by his case plan. He was therefore removed from the case plan. While

Father was represented by counsel at the permanent custody hearing, counsel did not cross examine any of the witnesses presented by the agency and did not present any evidence. Counsel did ask the Guardian Ad Litem if he had any contact with Father and the guardian said he had not.

{¶ 11} Mother also failed to satisfactorily comply with her case plan, and two possible kinship placements were found unsuitable. Moreover, the Agency had attempted to work with the parents for more than 25 months. Thus, following the permanent custody hearing, on November 22, 2021, after considering all the relevant factor, that it was within the children's best interests to permanently terminate parental rights and grant permanent custody of the children to the Agency.

{¶ 12} Father timely filed an appeal and the matter is now before this court for consideration. He raises one assignment of error as follows:

I

{¶ 13} "THE JUDGMENT OF THE TRIAL COURT THAT THE BEST INTERESTS OF THE CHILD WOULD BE SERVED BY GRANTING PERMANENT CUSTODY WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."

{¶ 14} In his sole assignment of error, Father argues the trial court's decision to place the children in the permanent custody of the Agency is against the manifest weight and sufficiency of the evidence. We disagree.

{¶ 15} As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. *Cross Truck v. Jeffries*, 5th Dist. Stark No. CA-5758, 1982 WL 2911 (February 10, 1982). Accordingly,

judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Construction*, 54 Ohio St.2d 279, 376 N.E.2d 578 (1978). On review for manifest weight, the standard in a civil case is identical to the standard in a criminal case: a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury [or finder of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction [decision] must be reversed and a new trial ordered." *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). See also, *State v. Thompkins*, 78 Ohio St.3d 380, 678 N.E.2d 541, 1997-Ohio-52; *Eastley v. Volkman*, 132 Ohio St.3d 328, 972 N.E.2d 517, 2012-Ohio-2179. In weighing the evidence, however, we are always mindful of the presumption in favor of the trial court's factual findings. *Eastley* at ¶ 21

## Permanent Custody

{¶ 16} R.C. 2151.414(B)(1) states permanent custody may be granted to a public or private agency if the trial court determines by clear and convincing evidence at a hearing held pursuant to division (A) of R.C. 2151.414, that it is in the best interest of the child and any of the following apply:

> (a) The child is not abandoned or orphaned* * *and the child cannot
> be placed with either of the child's parents within a reasonable time
> or should not be placed with the child's parents.
> (b) The child is abandoned.

(c) The child is orphaned, and there are no relatives of the child who are able to take permanent custody.

(d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period* *
*

(e) The child or another child in the custody of the parent or parents from whose custody the child has been removed has been adjudicated an abused, neglected, or dependent child on three separate occasions by any court in this state or another state.

{¶ 17} Therefore, R.C. 2151.414(B) provides a two-pronged analysis the trial court is required to apply when ruling on a motion for permanent custody. In practice, the trial court will determine whether one of the four circumstances delineated in R.C. 2151.414(B)(1)(a) through (d) is present before proceeding to a determination regarding the best interest of the child.

{¶ 18} R.C. 2151.414(D) governs "best interests" and states the following:

(D) In determining the best interest of a child at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) or (5) of section 2151.353 or division (C) of section 2151.415 of the Revised Code, the court shall consider all relevant factors, including, but not limited to, the following:

(1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;

(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;

(3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;

(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;

(5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child.

{¶ 19} Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus. See also, *In re Adoption of Holcomb*, 18 Ohio St.3d 361, 481 N.E.2d 361 (1985). "Where the degree of proof required to sustain an issue must be clear and convincing, a

reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *Cross* at 477.

{¶ 20} Here, R.C. 2151.414(B)(1)(d) applies because the children were in the temporary custody of the Agency in excess of twelve or more months of the consecutive twenty-two-month period. Father does not dispute this fact. This court has adopted the position that proof of temporary custody with an agency for twelve or more months of a consecutive twenty-two-month period, standing alone is sufficient to award permanent custody. *In the Matter of A.S., V.S., and Z.S.*, 5th Dist. Delaware No. 13 CAF 050040, 2013-Ohio-4018. Therefore, a finding that grounds existed for permanent custody cannot be against the manifest weight or sufficiency of the evidence. *Matter of L.G.*, 5th Dist. Stark No. 2020-CA-00139, 2021-Ohio-743, ¶ 36. Even if that were not true, Father failed to work his case plan when he had the opportunity to do so, and will remain incarcerated until at least December 28, 2023. Transcript of hearing 12-13.

{¶ 21} Father's sole assignment of error is overruled.

{¶ 22} The judgment of the Knox County Court of Common Pleas Juvenile Division is affirmed.

By Wise, Earle, P.J.

Hoffman, J. and

Wise, J., J. concur.

EEW/rw